UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID ALTRIC DAVISON,

       Plaintiff,                          Case No. 1:12-CV-00273

v.                                            HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Hugh W. Brenneman's Report and Recommendation (R&R), issued on June 3, 2013, which recommends that the Court deny Plaintiff's request for a remand under sentence six of 42 U.S.C. § 405(g) and affirm the Commissioner's decision denying Plaintiff disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R&R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R&R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R&R as the opinion of the Court.

In his R&R, the magistrate judge concluded that a sentence-six remand was unwarranted because Plaintiff failed to show "good cause" for failing to present the new evidence to the administrative law judge (ALJ). (R&R at 11.) The magistrate judge also recommended that the Court reject Plaintiff's substantive argument that there was not substantial evidence to deny

disability benefits. Plaintiff objects only to the magistrate judge's conclusion regarding the sentence-six remand, arguing that he has shown good cause for his failure to present the new evidence to the ALJ and that the new evidence is material.

The evidence at issue is a letter from Plaintiff's family physician, Dr. David J. Smith, dated May 24, 2010, nearly two months after the ALJ's decision denying benefits. (AR 729.) The letter states Dr. Smith's belief that Plaintiff was unable to "manage his building operation and to perform the heavy work that his occupation demanded," or "to perform at a level that would maintain his business on a successful footing." (*Id.*) Dr. Smith states that he believed Plaintiff's "business was finished" after he suffered a stroke, and that he recommended that Plaintiff seek disability benefits at that point. (*Id.*) Dr. Smith does not cite any medical records in support of his opinion.

A sentence-six remand is warranted only upon a showing that new evidence is "material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). The magistrate found that Plaintiff had not shown good cause because he provided no evidence to support his assertion that Dr. Smith was unavailable to provide an opinion before the administrative hearing. In response, Plaintiff's Objection states that he attempted to contact Dr. Smith numerous times, but that these efforts were unsuccessful because Dr. Smith was no longer practicing and was unwilling to help. (Dkt. no. 18.) In support, Plaintiff has attached a letter his attorney wrote to Dr. Eric Smith, Dr. David Smith's son, requesting assistance. (*Id.*)

Plaintiff's argument is unavailing. Plaintiff claims that he was unable to get a letter from Dr. Smith because he was no longer practicing; however, the letter that Dr. Smith eventually provided is written on letterhead that lists him as President of a medical practice. (AR 729.) Moreover, the only evidence that Plaintiff has provided regarding his efforts to contact Dr. Smith is a letter that his

attorney wrote to Dr. Smith's son, Dr. Eric Smith, who is a member of the same medical practice. (Dkt. no. 19, attachment 1.)  In that letter, Plaintiff asks for assistance from Dr. Eric Smith.  (*Id.*)  The letter does not mention Dr. David Smith, or Plaintiff's inability to contact him.  (*Id.*)  Because Plaintiff has failed to provide evidence to support his assertion that he was unable to get the letter from Dr. Smith before Plaintiff's hearing, the Court concurs with the magistrate's conclusion that Plaintiff has not shown good cause.

Even if Plaintiff could demonstrate good cause, he cannot show that the evidence is material. Dr. Smith's letter expressed his opinion that Plaintiff could no longer manage his business or perform the heavy work that it entailed.  (AR 729.)  Because he did not provide any support for his opinion through medical records, however, it would not be entitled to deference.  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-12 (6th Cir. 1988) (finding that a doctor's opinion was not entitled to deference because it was not supported by any laboratory test or diagnostic procedure). Moreover, the statements in the letter are consistent with evidence presented by a vocational expert, who testified that Plaintiff could not perform the same work that he had in the past.  (AR 32.)  Because the letter would simply confirm evidence that was before the ALJ, it is not material.  *See Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 726 (6th Cir. 2012) (finding that new evidence was not "material" because it was consistent with previously presented evidence). The fact that Dr. Smith believed Plaintiff should seek disability coverage does not change this analysis. *See Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004) ("Conclusory statements from a physician that the claimant is disabled are not entitled to deference.")

Therefore,

3

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 3, 2013 (docket no. 18), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 19, 2013                                 /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE